NIEVES BENITO CONSTANCIO, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 10316

February 8, 1978                                              574 P.2d 1012

*Morgan D. Harris,* Public Defender, and *Robert B. Amundson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Respondent

## OPINION

*Per Curiam:*

After being charged, by indictment, with attempted murder (NRS 200.010; NRS 208.070), Nieves Benito Constancio, perfected this appeal from an order which denied his petition for a writ of habeas corpus. Constancio's claim below, which is reasserted here, is that the charge must fail because the grand jury was contaminated.

The first session of the grand jury which received evidence against Constancio took place August 11, 1977. That session recessed until September 8, 1977. On that date when the jury reconvened, one of the thirteen jurors who had been present at the August session was absent; however, three other jurors who did not attend that session were present. At this reconvened session the jury returned the True Bill which resulted in the challenged indictment.

Constancio's central argument is that the attendance of the three additional jurors at the September session contaminated the jury. In the context of this proceeding Constancio's contention is without merit. NRS 172.255(1) provides, in part, that "[a] presentment or indictment may be found only upon the concurrence of 12 or more jurors."

Here, twelve (12) of the jurors who attended the August session also attended the September session and those jurors all concurred in the finding against Constancio; thus, it is immaterial that the three additional jurors attended the September session. NRS 172.235.[1]

Affirmed.

---

[1]NRS 172.235 provides:

"The district attorney, the witness under examination, interpreters when needed, a stenographer for the purpose of taking the evidence, any person engaged by the grand jury pursuant to NRS 172.205, and any person requested by the grand jury to be present may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting." Here, the three challenged persons were duly chosen grand jurors and were authorized to attend the September session of the grand jury proceedings. *See also* NRS 6.110(2).